IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL DERRICK EDWARDS,          )
     Plaintiff,          )          Civil Action No. 7:21cv00196
                     )
v.          )
                     )          By: Elizabeth K. Dillon
S. FULLER, *et al.*,          )              United States District Judge
     Defendants.          )

**MEMORANDUM OPINION**

Plaintiff Michael Derrick Edwards, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in March 2021.  The court granted Edwards leave to proceed *in forma pauperis* ("*ifp*") to the extent that he would not be required to pay for service of process and could pay the filing fee in installments.  The case was served, Edwards later filed an amended complaint (Dkt. No. 32), and defendants have filed a motion to dismiss the amended complaint, which is fully briefed and remains pending before the court.

It has recently come to the court's attention that, at the time this case was filed, three or more of Edwards's previous actions or appeals had been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]  Under 28 U.S.C. § 1915(g), a prisoner-plaintiff who has had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted may not proceed with his suit unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[1] *See Edwards v. Eads*, 7:14-cv-495 (W.D. Va. Oct. 28, 2015) (dismissing without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)); *Edwards v. Kiser*, 7:19-cv-382 (W.D. Va. June 21, 2019) (same); *Edwards v. Scarberry*, 7:19-cv-288 (W.D. Va. June 21, 2019) (dismissing without prejudice for failure to state a claim, pursuant to 42 U.S.C. § 1997e(c)(1)).  "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

Upon review of Edwards's original complaint, the court easily concludes that the complaint did not allege imminent danger of any serious physical injury. Edwards's claims were not based on physical injuries, imminent or otherwise. In general terms, he alleged that his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, were violated when he was not allowed to possess his personal television to watch religious programs. He further alleged that his due process rights were violated when his participation in his prison's restrictive housing reduction step-down program was delayed. Lastly, he claimed that his due process rights were violated when a nurse filed a disciplinary charge erroneously claiming that he had refused to submit to a tuberculosis test. (*See generally* Compl., Dkt. No. 1; *see also* Defs.' First Mot. to Dismiss at 1–2, Dkt. No. 26 (describing his claims).)

In order to proceed under the imminent danger exception, a plaintiff must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The plaintiff must show that the "conduct complained of threatens continuing or future injury," not just that he "deserves a remedy for past misconduct." *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g) . . . ." *Johnson*, 200 F. App'x at 272; *see also Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that claim of imminent danger was "without foundation" when the prisoner's explanation was "both circular and completely conclusory").

As is evident from the listing of Edwards's claims, his original complaint, which was the only basis for a claim of imminent danger at the time *in forma pauperis* status was being

considered, did not sufficiently allege any future physical harm so as to meet his burden under § 1915(g). Accordingly, the court concludes that Edwards should not have been granted *in forma pauperis* status at that time.

Even if the court considered the allegations in his later-filed amended complaint, the outcome is the same. The amended complaint dropped several of his claims (the first and third) and removed some of the defendants. It also added a new cause of action and named Sgt. Hess as a defendant. (*See generally* Dkt. No. 32, Am. Compl.) The new cause of action alleged that defendants Collins, Hess, and Turner retaliated against him for filing the lawsuit by hindering his progress in the Step-Down Program. Specifically, he alleges that they erroneously reported that he had not completed and submitted certain books that he was required to submit to move to the next step of the program. These allegations do not allege an "imminent danger of serious physical injury," either. 28 U.S.C. § 1915(g).

Because Edwards did not plead facts sufficient to satisfy the imminent danger exception, he was required to prepay the entire filing fee, which he did not do. It is thus plain that Edwards was improperly granted *in forma pauperis* status, and the court will revoke that status. *See Bismillah v. Mohr*, No. 3:16cv1374, 2018 WL 4573268, at *2 (N.D. Ohio Sept. 24, 2018) (noting that proceeding *ifp* "is a privilege, not a right" and revoking plaintiff's *ifp* status); *Owl Feather-Gorbey v. Crickard*, 0:20cv01116, 2021 WL 1811563, at *4 (D.S.C. May 6, 2021) (revoking *ifp* status where court later learned that plaintiff had accrued three strikes prior to filing).

The only remaining question is whether the revocation of Edwards's *ifp* status means that this case must be dismissed, or alternatively, whether Edwards should be given an opportunity to pay the remainder of the filing fee. Although the Fourth Circuit does not appear to have spoken directly on the issue, the Eleventh Circuit has squarely held that an opportunity to pay the fee is

not required.  For a litigant subject to § 1915(g)'s restrictions, the fee must be paid at the time the suit is initiated.  *See Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).  The reasoning of *Dupree* relied on the purpose of the PLRA, which it described as "curtail[ing] abusive prisoner litigation."  284 F.3d at 1236.  And it cited to one of its prior decisions, which stated "that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit."  *Id.* (citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th  Cir. 2001) (emphasis in *Dupree*). The *Dupree* court also cited to unpublished authority from the Sixth and Ninth Circuits that followed a similar approach.  *Id.* (citing *Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001); *McGee v. Myers*, 10 F. App'x 528, 529 (9th Cir. 2001)).

Numerous judges of this court have cited to *Dupree* and have dismissed cases after finding that a plaintiff had three strikes and failed to allege imminent danger.  *See, e.g.*, *Gorbey v. Felps*, No. 7:16cv00551, 2017 WL 1194719 (W.D. Va. Mar. 30, 2017) (dismissing complaint without prejudice on the basis of *Dupree*); *Jones v. Rappahannock Reg'l Jail*, No. 7:15-CV-00621, 2015 WL 7294542, at *1 (W.D. Va. Nov. 17, 2015) (same).  *But see Bismillah*, 2018 WL 4573268, at *1, *6 (allowing plaintiff 30 days following revocation of *in forma pauperis* status to pay full filing fee where defendants had requested that he be required to pay the full filing fee or the case dismissed).  The court agrees with the reasoning of *Dupree* and concludes that the court is not required to provide Edwards an opportunity to pay the full filing fee.  Thus, the court will instead dismiss this case without prejudice.

The court believes it is appropriate, however, to place Edwards financially in the position he would have been in had the court dismissed the complaint initially.  Accordingly, the court will direct that any and all payments that he has made toward the filing fee in this case be refunded to him by the Clerk.

CONCLUSION

As Edwards has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

The Clerk will be directed to refund to Edwards any and all payments that he has made toward the filing fee in this case.  Lastly, all pending motions, including defendants' motion to dismiss, will be denied as moot.

An appropriate order will be entered.

Entered: April 7, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge